# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# MIDLAND DIVISION

| | |
|---|---|
| **MICHAEL KILMON, Individually and For Others Similarly Situated,**<br><br>v.<br><br>**SAULSBURY INDUSTRIES, INC.** | Case No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COMPLAINT

### SUMMARY

1. Saulsbury Industries, Inc. ("Saulsbury") failed to pay Michael Kilmon ("Kilmon"), and other workers like him, overtime as required by the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 201 *et. seq*.

2. Instead, Saulsbury paid Kilmon, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Saulsbury brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 a significant portion of the facts giving rise to this lawsuit occurred in this District.

6. Saulsbury maintains its headquarters in this District.

### THE PARTIES

7. Kilmon was an hourly employee of Saulsbury. His written consent is attached as Exhibit A.

8. Saulsbury is a Texas corporation. Saulsbury may be served with process by serving its registered agent at Corporation Service Company D/B/A CSC Lawyers INCO, 211 E. 7th Street, Austin, Texas 78701.

### COVERAGE UNDER THE FLSA

9. At all times hereinafter mentioned, Defendant was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendant was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Plaintiff and the Class Members (as defined below) were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

### THE FACTS

13. Saulsbury is a leading engineering, construction and fabrication company to heavy industrial clients across the United States.

14. Kilmon was an hourly employee of Saulsbury.

15. Kilmon was hired around February 2015.

16. Kilmon left Saulsbury's employment near the end of December 2015.

17. Saulsbury paid Kilmon by the hour.

18. Saulsbury paid Kilmon $39.93 per hour.

19. Kilmon reported the hours he worked to Saulsbury on a regular basis.

20. If Kilmon worked fewer than 40 hours in a week, would be paid only for the hours he worked.

21. For example, in the period ending August 2, 2015, Kilmon was credited for working 39.5 hours.

22. For that week, Saulsbury paid Kilmon for 39.5 hours at his hourly rate of $39.93 an hour.

23. But Kilmon normally worked more than 40 hours in a week.

24. For example, in the period ending on September 20, 2015, Kilmon worked 53.5 hours.

25. For that week, Saulsbury paid Kilmon for 53.5 hours at his hourly rate of $39.93 an hour.

26. The hours Kilmon worked are reflected in Saulsbury's records.

27. Saulsbury paid Kilmon at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

28. Rather than receiving time and half as required by the FLSA, Kilmon only received "straight time" pay for overtime hours worked.

29. This "straight time for overtime" payment scheme violates the FLSA.

30. Saulsbury was aware of the overtime requirements of the FLSA.

31. Saulsbury nonetheless failed to pay certain hourly employees, such as Kilmon, overtime.

32. Saulsbury's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

33. Saulsbury's illegal "straight time for overtime" policy extends beyond Kilmon.

34. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

35. Saulsbury has paid hundreds of hourly workers using the same unlawful scheme.

36. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

37. The workers impacted by Saulsbury's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

> **All hourly employees of Saulsbury Industries, Inc. who were, at any point in the past 3 years, paid "straight time for overtime."**

## CAUSE OF ACTION

38. By failing to pay Kilmon and those similarly situated to him overtime at one-and-one-half times their regular rates, Saulsbury violated the FLSA's overtime provisions.

39. Saulsbury owes Kilmon and those similarly situated to him the difference between the rate actually paid and the proper overtime rate.

40. Because Saulsbury knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Saulsbury owes these wages for at least the past three years.

41. Saulsbury is liable to Kilmon and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

42. Kilmon and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**PRAYER**

43. Kilmon prays for relief as follows:

    a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

    b. Judgment awarding Kilmon and those similarly situated to him all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

    c. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

    d. All such other and further relief to which Kilmon and those similarly situated to him may show themselves to be justly entitled.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
    Michael A. Josephson
    State Bar No. 24014780
    mjosephson@mybackwages.com
    Jessica M. Bresler
    State Bar No. 24090008
    jbresler@mybackwages.com
    Andrew Dunlap
    State Bar No. 24078444
    adunlap@mybackwages.com
    Lindsay R. Itkin
    State Bar No. 24068647
    litkin@mybackwages.com
    **JOSEPHSON DUNLAP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile

    **AND**

    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**