FILED
DEC 13 2017
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **MICHAEL KILMON, Individually and on behalf of others similarly situated,** ***Plaintiff,*** | § § § | |
| **v.** | § § | **No. MO:17-CV-00099-RAJ** |
| **SAULSBURY INDUSTRIES, INC.,** ***Defendant.*** | § § § | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION**

BEFORE THE COURT is Plaintiff Michael Kilmon's ("Plaintiff") Motion for Conditional Certification and for Notice to Putative Class Member. (Doc. 18). After due consideration of the pleadings and the relevant law, Plaintiff's Motion for Conditional Certification shall be **GRANTED**. (Doc. 18).

## I. BACKGROUND

On May 18, 2017, Plaintiff originally filed this suit as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., against Defendant Saulsbury Industries, Inc. ("Defendant"). (Doc. 1). Defendant provides engineering, construction, fabrication and services to heavy industrial clients across a wide range of industries, including gas processing and treatment, refining, petroleum and petrochemicals, fossil and nuclear power, manufacturing, and terminals/logistics. (Doc. 18 at 7–8). Plaintiff seeks unpaid overtime compensation on behalf of himself and all others similarly situated. (Doc. 1). On September 13, 2017, Plaintiff filed his Motion for Conditional Certification. (Doc. 18). Plaintiff brings this lawsuit as a collective action on behalf of himself and the following class of potential FLSA opt-in plaintiffs:

> **ALL CURRENT AND FORMER EMPLOYEES OF SAULSBURY INDUSTRIES, INC. WHO WERE, AT ANY POINT IN THE PAST THREE (3) YEARS, PAID STRAIGHT TIME FOR OVERTIME.**

(*Id.* at 7). On September 20, 2017, Defendants filed their Response to Plaintiff's Motion for Conditional Certification. (Doc. 19). On September 27, 2017, Plaintiff filed his Reply in support of the Motion for Conditional Certification. (Doc. 25). This matter is now ready for disposition.

## I. LEGAL STANDARD

An employee may bring an action for violating the minimum wage and overtime provisions of the FLSA either individually or as a collective action on behalf of himself and "other employees similarly situated." 29 U.S.C. § 216(b). Unlike a class action filed under Federal Rule of Civil Procedure 23(c), a collective action under Section 216(b) provides for a procedure to "opt-in," rather than "opt-out." *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 225 (5th Cir. 2011) (unpublished) (citing *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2008)). Although the United States Court of Appeals for the Fifth Circuit has declined to adopt a specific test to determine when a court should conditionally certify a class or grant notice in a case brought under the FLSA, the majority of courts within the Fifth Circuit have adopted the *Lusardi* two-stage approach, after *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).[1]

The two stages of the *Lusardi* approach are the "notice stage" and the "decertification stage." *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995), overruled on other grounds by *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). At the notice stage, the district court "determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010). "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Mooney*, 54 F.3d at 1214. If the court finds that the putative class members are similarly situated,

---

[1] *See, e.g., Vanzzini v. Action Meat Distribs., Inc.*, 995 F. Supp. 2d 703, 719 (S.D. Tex. 2014) (applying *Lusardi*); *Mateos v. Select Energy Servs., LLC*, 977 F. Supp. 2d 640, 643 (W.D. Tex. 2013) (same); *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 994 (E.D. Tex. 2011) (same); *Marshall v. Eyemasters of Tex., Ltd.*, 272 F.R.D. 447, 449 (N.D. Tex. 2011) (same).

then conditional certification is warranted and the plaintiff will be given the opportunity to send notice to potential class members. *Id.* After the class members have opted in and discovery is complete, the defendant may then file a decertification motion—the second stage of the *Lusardi* approach—asking the court to reassess whether the class members are similarly situated. *Id.* At that point, the court will fully evaluate the merits of the class certification. *Id.*

## II. DISCUSSION

The Court's analysis here need only address the first stage of the *Lusardi* inquiry. Plaintiffs must show that "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Tolentino v. C & J Spec–Rent Servs., Inc.*, 716 F. Supp. 2d 642, 647 (S.D. Tex. 2010). During the notice stage, the court makes its decision "usually based only on the pleadings and any affidavits which have been submitted[.]" *Id.* Courts "appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Mooney*, 54 F.3d at 1214 n. 8. "FLSA collective actions are generally favored because such actions reduce litigation costs for the individual plaintiffs and create judicial efficiency by resolving in one proceeding common issues of law and fact arising from the same alleged activity." *Tolentino*, 716 F. Supp. 2d at 646.

### A. Existence of Aggrieved Co-Workers

In support of the Motion for Conditional Certification, Plaintiff attaches his own declaration (Doc. 18-1) and the declaration of Darion Grainger (Doc. 18-2). Defendant allegedly paid Plaintiff and the putative class members on an hourly basis regardless of the number of hours worked. (Doc. 18 at 8). When Plaintiff and the putative class members worked in excess of 40 hours per week, Defendant paid them straight time for overtime. (*Id.*). According to Plaintiff, the illegal pay

practices used by Defendant "are widespread and systematically applied to all Putative Class Members." (*Id.* at 9).

The Court finds that Plaintiff and Darion Grainger are familiar with Defendant's compensation policies as a result of their employment with Defendant and interactions with other employees. (Docs. 18-1, 18-2). The pleadings in this case allege that Defendant implemented the same policy of underpayment with respect to many of its employees. (Doc. 1). Because Plaintiff and Darion Grainger have personal knowledge of Defendant's payment scheme, the Court concludes that this evidence is sufficient to credit "the assertion that aggrieved individuals exist," as well as the allegations that Defendant failed to appropriately compensate Plaintiffs and similarly situated employees as required by the FLSA. *Tolentino*, 716 F. Supp. 2d at 647.

**B. Aggrieved Co-Workers Similarly Situated to Plaintiff**

While Plaintiff and the putative class members may share different job titles, Plaintiff alleges that they were subjected to the same allegedly illegal pay practices. According to the declarations attached to Plaintiff's Motion for Conditional Certification, Plaintiff and the putative class members worked as hourly employees for Defendant, received straight time for overtime, and worked overtime without receiving compensation at the legal rate of pay. (Docs. 18-1, 18-2). At the notice-stage under *Lusardi*, a plaintiff need only provide substantial allegations that class members were victims of a single, decision, policy or plan. *Pedigo v. 3003 S. Lamar*, LLP, 666 F. Supp. 2d 693, 698 (W.D. Tex. 2009). A plaintiff is not required to show that class members are identical. *Walker*, 870 F. Supp. 2d at 468. Rather, plaintiffs must show that class members are "similarly situated . . . in relevant respects *given the claims and defenses asserted*." *Id.* at 466 (emphasis added).

In the instant case, Plaintiff has presented evidence of a widespread pay plan that Defendant violated the FLSA, namely, the payment of straight time for overtime. Defendant admits that Plaintiff and the putative class members were paid straight time overtime but argues that "this is a lawful pay plan." (Doc. 19). Yet, Plaintiff alleges that Defendant's pay practice violated "29 U.S.C.

§ 207(a) and 29 C.F.R. § 778.110(a) because it failed to compensate the putative class at one and a half times their regular rate for hours worked over 40 in a workweek." (Doc. 25).

A class that encompasses a wide range of job positions may be conditionally certified as long as the differences between class members are not material to the allegations of the case. *Behnken v. Luminant Min. Co.*, LLC, 997 F. Supp. 2d 511, 522 (N.D. Tex. 2014) ("Because it appears from the record developed thus far that the employees' job classifications, descriptions, or duties do not affect any of the facts that are material to plaintiffs' claim, these differences are not sufficient to defeat conditional certification"). Here, the purported dissimilarities between members of Plaintiffs' proposed class are irrelevant because a common scheme or policy allegedly affects all hourly employees paid straight time for overtime. In sum, the alleged FLSA violations in this case do not turn on the nature of the work performed. *See Tamez v. BHP Billiton Petroleum,* No. 5:15-cv-330, 2015 WL 7075971, at *3–4 (W.D. Tex. Oct. 5, 2015) (unpublished). If Plaintiff prevails on his claims, then Defendant violated the FLSA with regard to every hourly employee paid straight time for overtime regardless of each plaintiff's particular job position. Because Plaintiff alleges that the compensation scheme is in of itself a violation of the FLSA, no further factual inquiry into the job duties of each putative class member is necessary. As such, liability can be determined collectively without limiting the class to a specific job position.

Plaintiff's claims are predicated on Defendant's common policy of not paying time and a half overtime to hourly employees who were compensated straight time for overtime. The claims of the putative class members are similar in that they are compensated under the same regimen. *Aguilar v. Complete Landsculpture, Inc.*, No. 3:04-CV-0776-D, 2004 WL 2293842, at *4 (N.D. Tex. Oct. 7, 2004) ("The claims of the putative class members are similar in that. . . they were compensated under the same regimen. Thus, under plaintiffs' theory of the case, the fact that [they] had somewhat different duties and rates of pay is immaterial."). Because the dissimilar job responsibilities among the class have not been shown to be relevant to Plaintiff's FLSA allegations, they are not a barrier to

conditional certification. The Court finds that Plaintiff has raised substantial allegations to bind himself to the putative class members as victims of the same "decision, policy, or plan infected by discrimination." *Mooney*, 54 F.3d at 1214 n. 8. Because Plaintiff has adduced sufficient evidence of a widespread discriminatory plan to show that he is similarly situated to the putative class members, the following revised definition of the collective action shall henceforth be employed:

> **ALL CURRENT AND FORMER HOURLY EMPLOYEES OF SAULSBURY INDUSTRIES, INC. WHO WERE, AT ANY POINT IN THE PAST THREE (3) YEARS, PAID STRAIGHT TIME FOR OVERTIME.**

**C. Aggrieved Co-Workers' Desire to Opt In**

Finally, Plaintiff has made a sufficient showing that other workers want to opt-in to the instant action. Two putative class members, Darion Granger and Ricky Langley, have opted-in to join this lawsuit. (Doc. 16). Plaintiff states in his declaration that Defendant's "other similarly situated current and former employees who were paid hourly and straight time for overtime would be interested to learn about their rights and their opportunity to join this lawsuit." (Doc. 18-1). Considering the lenient standard at this stage, conditional certification of a collective action is appropriate. *Tolentino*, 716 F. Supp. 2d at 653.

**D. Plaintiff's Proposed Notice**

Plaintiff also requests that the Court approve the proposed notice and consent forms. Defendant objects to the proposed class as overly broad and vague. However, the Court finds that the revised definition of the putative class appropriately limits the collective action and therefore Defendant's first objection shall be overruled. Next, Defendant objects that the proposed Notice includes the caption of the case. Courts have found that using the court's name on the notice gives the impression that the court supports the plaintiff's lawsuit.[2] Accordingly, the Court agrees with Defendant that the notice should not include the caption of the case.

---

[2] *See Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1046 (N.D. Ill. 2003) (finding that the caption of the proposed notice, which "reads like any other pleading, with the name of the court, the title of the action, the file

Defendant also asserts that the Notice should include a statement that Defendant denies Plaintiff's claims and summarizes the defenses. *See Harris v. Broncs, Inc.*, No. MO:16-CV-00302-RAJ, 2017 WL 2999701, at *6 (W.D. Tex. Feb. 7, 2017) (holding that a statement in the notice that the defendant denied the plaintiff's allegations was appropriate). The Court agrees that a short statement regarding Defendant's position on Plaintiff's claims should be included in the Notice as follows:

> Defendant disputes Plaintiff's contentions and asserts that Defendant's employees were properly and fairly paid in accordance with the FLSA or other applicable law and that the allegations in the lawsuit are without merit.

Defendant also asks for language to be included regarding Plaintiffs' responsibilities. The Court agrees and is of the opinion that the notice should explain the obligations of potential opt-in plaintiffs as follows:

> While this suit is proceeding, you may be required to respond to written questions, sit for depositions, and/or testify in court. If judgment is rendered in favor of Defendant, the Court may tax certain statutory costs against the unsuccessful workers.

The Court finds that this language added to the revised notice will sufficiently put any potential opt-in plaintiffs on notice of their duties to participate in this litigation as well as the fact that Defendant disputes liability in this case. *Tolentino*, 716 F. Supp.2d at 655. Defendant also objects on the basis that Plaintiff's Notice does not inform putative class members of their right to retain counsel of their own choice. The Court finds that the proposed Notice must advise putative class members of their right to retain separate counsel and pursue their rights independently from the class. Therefore, Plaintiffs must file a revised proposed notice including language advising putative

---

number, and the assigned judge," created an appearance of judicial sponsorship); *Sperling v. Hoffman–La Roche, Inc.*, 862 F.2d 439 (3d Cir. 1988), *aff'd and remanded sub nom*, 493 U.S. 165 (1989) (noting that "the better practice would be to exclude any reference in the notice indicating it had been approved or authorized by the court"); *Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 581 (7th Cir. 1982) (holding that it was improper for notice to go out on a district court letterhead over the signature of a judicial officer because it could be misconstrued as a judicial endorsement of the suit). The underlying concern associated with unwarranted solicitation is the stirring up of frivolous litigation through the court-facilitated notice. *Valcho v. Dallas Cnty. Hosp. Dist.*, 574 F. Supp. 2d 618, 622 (N.D. Tex. 2008).

class members of their right to separate representation by an attorney of their choosing. *Tolentino*, 716 F. Supp. 2d at 655.

Finally, Defendant objects to the language in the Notice regarding retaliation. The Court finds that Plaintiff's language in the Notice regarding retaliation should be revised to reflect the law as follows:

> The law prohibits anyone from discriminating or retaliating against you for taking part in this case. If you believe you have been discriminated or retaliated against in any way as a result of your receipt of this notice of election to participate in this lawsuit, you should contact the Clerk of the Court, or your attorney immediately.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Conditional Certification. (Doc. 18).

It is therefore **ORDERED** that Plaintiff shall within **three (3) business days** of this Order file with the Court a Revised Proposed Notice that complies with this Order.

It is further **ORDERED** that Defendant shall within **fourteen (14) days** of this Order, provide Plaintiff's counsel with the names, last known addresses, e-mail addresses, and telephone numbers of the potential opt-in plaintiffs ("Court-Ordered Information"), in a usable electronic format. Telephone numbers shall be used only to verify addresses or e-mail addresses for potential opt-in plaintiffs, and shall not be used to solicit.

It is further **ORDERED** that Plaintiff's counsel shall, upon obtaining the Court-Ordered Information, be permitted to send notices of this action in the form set forth in Plaintiff's Revised Proposed Notice, by mail and email, for a period of **sixty (60) days** from the date Defendant provides Plaintiff with the Court-Ordered Information.

It is further **ORDERED** that Plaintiff's counsel shall file an advisory of any sending of such notices with this Court within **three (3) business days** of doing so. In such advisories, Plaintiff's counsel shall specify the date and manner by which the notices were sent.

It is further **ORDERED** that the notice shall inform all potential opt-in plaintiffs that they shall have until **sixty (60) days** from the date Defendant provides Plaintiff with the Court-Ordered Information to deposit in the mail or email their Notices of Consent to Join to counsel for Plaintiff.

It is further **ORDERED** that Plaintiff's counsel shall have until **fifteen (15) days** after the expiration of the sixty-day notice period (which ends **sixty (60) days** from the date Defendant provides Plaintiff's counsel with the Court-Ordered Information) to file the Notices of Consent to Join of all opt-in plaintiffs received.

It is so **ORDERED**.

SIGNED this 13th day of December 2017.

ROBERT A. JUNELL
Senior United States District Judge