IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **MICHAEL KILMON, Individually and on Behalf of Others Similarly Situated,** *Plaintiff*, | § § § § | |
| **v.** | § § | **NO. MO:17-CV-99** |
| **SAULSBURY INDUSTRIES, INC.,** *Defendant*. | § § § | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND DENYING PLAINTIFF'S MOTION TO COMPEL THIRD PARTY

BEFORE THE COURT are Saulsbury Industries, Inc.'s ("Defendant") Motion for Protective Order in Response to Plaintiff's Subpoena to Produce Documents to SCANA Corp. ("Defendant's Motion for Protective Order") (Doc. 32) and Michael Kilmon, individually and on behalf of others similarly situated's ("Plaintiff") Motion to Compel Compliance with Third Party Subpoena and Request for Expedited Relief ("Plaintiff's Motion to Compel Third Party"). (Doc. 38). After due consideration of all relevant pleadings, the Court finds Defendant's Motion for Protective Order shall be **GRANTED IN PART** and **DENIED IN PART** (Doc. 32) and Plaintiff's Motion to Compel Third Party shall be **DENIED**. (Doc. 38).

### I.     BACKGROUND

This case arises from Plaintiff's employment with Defendants—a leading engineering, construction, and fabrication company to heavy industrial clients across the United States. (Doc. 1 at 2). Plaintiff brings this action against Defendants individually and on behalf of other workers like him pursuant to 29 U.S.C. § 216(b). *Id*. at 1. Plaintiff alleges Defendants paid him the same hourly rate for all hours worked, including those in excess of 40 in a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. *Id*. at 3.

Plaintiff filed his Collective Action Complaint on May 18, 2017. (Doc. 1). On September 13, 2017, Plaintiff filed his Opposed Motion for Conditional Certification and Notice to Putative Class Members. (Doc. 18). Plaintiff's Motion for Conditional Certification was ultimately granted by the Court on December 13, 2017. (Doc. 45). In the meantime, several discovery-related disputes arose.

Relevant to this Order, on October 17, 2017, Plaintiff filed a Notice of Subpoena to Produce Documents that was served on the entity named in the Notice, SCANA Corp., the next day. (Doc. 31). SCANA Corp. is the parent company of South Carolina Electric & Gas Co.—the operating entity of the Virgil C. Summer Nuclear Generating Station ("VCS Nuclear Station") at which Plaintiff and Opt-In Plaintiffs worked as Defendant's employees during the relevant time period. (Doc. 32 at 5). Defendant responded to the subpoena by filing Defendant's Motion for Protective Order on October 31, 2017. (Doc. 32). Plaintiff filed a Response to Defendant's Motion for Protective Order on November 7, 2017. (Doc. 35). On November 14, 2017, Defendant filed its Reply. (Doc. 36).

On November 29, 2017, Plaintiff filed his Motion to Compel Third Party alleging SCANA Corp. failed to comply with Plaintiff's subpoena and asking the Court to order SCANA Corp. to produce responsive documents. (Doc. 38). Defendant and SCANA Corp. filed Responses in opposition to Plaintiff's Motion to Compel Third Party on December 5, 2017, (Doc. 39) and December 6, 2017, respectively. (Doc. 40). On December 12, 2017, Plaintiff filed his Reply. (Doc. 42). This matter is now ready for disposition.

## II.     LEGAL STANDARDS

### A. Scope of Discovery

Federal Rule of Civil Procedure 26(b) governs the scope of discovery. The rule provides that "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26(b), although broad, may not be used "as a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (5th Cir. 2010). The Court must limit discovery, if it determines, on motion or on its own, that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). In assessing the relevancy and proportionality of requested discovery, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

### B. Protective Orders

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending" and the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The burden is upon the party seeking the protective order "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d

302, 306 (5th Cir. 1998) (internal quotation marks and citation omitted).  Therefore, a protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Laundry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Thus, the court may, among other things, forbid the discovery or limit the scope of discovery to certain matters. Fed. R. Civ. P. 26(c).

### C. Motions to Compel

Federal Rule of Civil Procedure 37 controls motions to compel discovery or disclosure. Fed. R. Civ. P. 37 ("A party seeking discovery may move for an order compelling an answer, designation, production, or inspection."). Rule 37 allows such a motion when a party fails to respond to a request for production. *Id*. Motions for an order to a nonparty must be made in the court where the discovery is or will be taken. Fed. R. Civ. P. 37(a)(2).

### III. DISCUSSION

District courts typically do not appreciate having to referee discovery disputes among counsel and therefore require parties to expend efforts to resolve such disputes among themselves prior to seeking the court's involvement. Heidi K. Brown, *Fundamentals of Federal Litigation* § 16:1 (2009). The Motions before the Court assert that counsel conferred on each matter but were unable to reach an agreement. Therefore, the Court addresses the unresolved discovery disputes.

The present discovery dispute concerns Plaintiff's issuance of a subpoena featuring 25 requests for production on SCANA Corp., a non-party ("SCANA Corp. Subpoena").[1] Federal

---

[1] Specifically, Plaintiff requests: "(1) The DOCUMENTS which contain information regarding *Michael Kilmon v. Saulsbury Industries, Inc.* (hereinafter, "the Lawsuit"); (2) The DOCUMENTS which contain information regarding

4

Rule of Civil Procedure 45 governs the issuance of subpoenas to obtain discovery from non-parties. Pursuant to Rule 45, a subpoena may command "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A).

Defendant's Motion for Protective Order asks the Court to forbid the discovery sought by Plaintiff with respect to SCANA Corp. or, alternatively, to limit its scope in accordance with Defendant's objections.[2] (Doc. 32). Defendant alleges the Requests for Production served on

---

SAULSBURY'S alleged violations of the Fair Labor Standards Act ("FLSA") for failing to pay overtime to its employees; (3) The DOCUMENTS reflecting communications between YOU and SAULSBURY regarding the Lawsuit; (4) The DOCUMENTS that describe or specify the work that SAULSBURY performed for YOU in any capacity during the RELEVANT TIME PERIOD; (5) The DOCUMENTS that describe or specify the dates that SAULSBURY performed work for YOU during the RELEVANT TIME PERIOD; (6) The DOCUMENTS that describe or specify the locations that SAULSBURY performed work for YOU during the RELEVANT TIME PERIOD; (7) The DOCUMENTS that describe or specify the tools and equipment and the owner of such tools and equipment utilized by SAULSBURY to perform work for YOU during the RELEVANT TIME PERIOD; (8) The DOCUMENTS reflecting any agreement(s) for SAULSBURY to provide workers and services to YOU during the RELEVANT TIME PERIOD; (9) The DOCUMENTS reflecting any payments made to SAULSBURY by YOU for services or workers received from SAULSBURY during the RELEVANT TIME PERIOD; (10) The DOCUMENTS reflecting YOUR understanding that SAULSBURY would supply exempt employees to provide the services YOU purchased from SAULSBURY; (11) The DOCUMENTS reflecting YOUR understanding that SAULSBURY would supply hourly employees to provide the services YOU purchased from SAULSBURY; (12) The DOCUMENTS reflecting YOUR requests for proposals sent to SAULSBURY for SAULSBURY'S services; (13) The DOCUMENTS created by SAULSBURY'S workers for YOU; (14) The DOCUMENTS that contain, describe, specify, impose and/or create requirements or qualifications for SAULSBURY'S employee(s), consultants, personnel, or crews who were/are used in carrying out or furthering YOUR business; (15) The DOCUMENTS reflecting YOUR policies, procedures, and guidelines governing all work of SAULSBURY employees/workers on YOUR jobs; (16) The DOCUMENTS reflecting YOUR policies, procedures, and guidelines governing all work of hourly workers on YOUR jobs; (17) The DOCUMENTS evidencing any request or suggestion made by YOU that SAULSBURY should classify hourly workers as exempt employees; (18) The DOCUMENTS evidencing any request or suggestion made by YOU that SAULSBURY pay workers hourly and straight time for overtime; (19) The DOCUMENTS evidencing any request or suggestion made by YOU that SAULSBURY pay workers on an hourly basis instead of a salary; (20) The DOCUMENTS evidencing that SAULSBURY'S workers exercised independent judgment (as opposed to following instructions from YOU or SAULSBURY) while performing work for YOU; (21) The DOCUMENTS evidencing that SAULSBURY'S workers were compensated for weeks in which they did not perform work for YOU; (22) The DOCUMENTS related to internal audits or reviews of YOUR wage payment practices relating to the payment and/or reimbursement of compensation paid to SAULSBURY and/or any of SAULSBURY'S employees; (23) The DOCUMENTS related to any communications between YOU and the Department of Labor and/or equivalent state agency relating to YOUR use of SAULSBURY'S employees; (24) The DOCUMENTS related to any investigation or audit conducted by the Department of Labor and/or equivalent state agency relating to YOUR use of SAULSBURY'S employees; (25) The DOCUMENTS created by, or received by you which show that YOU had knowledge that SAULSBURY did not pay SAULSBURY employees time and one-half their regular rate of pay when they worked overtime." (Doc. 31-1 at 6).

[2] Defendant's alternative relief also requested a stay in discovery pending the Court's ruling on Plaintiff's Motion for Certification. (Doc. 32 at 2). The Court has since granted Plaintiff's Motion for Certification, rendering this request MOOT. (Doc. 45).

SCANA Corp. are not relevant to Plaintiff's claims, are disproportional to the needs of the case, and the subpoena was issued for the purpose of annoying and harassing Defendant. *Id*. Defendant also asserts specific objections to several of Plaintiff's Requests for Production. *Id*. at 5. Plaintiff challenges Defendant's standing to make objections to the discovery, argues Defendant has not met its burden to show good cause for a protective order, and the discovery requested is appropriate. (Doc. 35).

Plaintiff's Motion to Compel Third Party asks the Court to require SCANA Corp.'s compliance with the third-party subpoena. (Doc. 38). Plaintiff asserts the subpoena was properly issued, the information sought is reasonable and relevant, and any objections raised by SCANA Corp. are untimely. *Id*. Defendant's Response argues the Motion to Compel Third Party was filed without Plaintiff first conferring with Defendant, challenges the Court's jurisdiction to consider the Motion, and directs the Court to arguments asserted in Defendant's Motion for Protective Order. (Doc. 39). Similarly, SCANA Corp.'s Response contests the Court's jurisdiction over the Motion to Compel Third Party. (Doc. 40).

Due to the intertwining nature of Defendant's Motion for Protective Order and Plaintiff's Motion to Compel, both of which concern the SCANA Corp. Subpoena, the Court addresses the propriety of the subpoena and the motions as a whole. Before reaching the merits of the SCANA Corp. Subpoena, the Court must analyze the arguments raised concerning the preliminary considerations of jurisdiction and standing.

1. **Jurisdiction Over Motion to Compel Third Party**

Both Defendant and SCANA Corp. challenge the Court's jurisdiction to consider Plaintiff's Motion to Compel Third Party. (Docs. 39, 40). The Court's analysis in deciding disputes regarding out-of-district subpoenas is governed by Rule 45. *Visionworks of Am., Inc. v.*

*Johnson & Johnson Vision Care, Inc.*, No. 1:17-MC-0055-LY-AWA, 2017 WL 1611915, at *1 (W.D. Tex. Apr. 27, 2017). Rule 45 provides that "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). The place of compliance for a subpoena commanding the production of documents, electronically stored information, or tangible things is "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2).

This Court issued the SCANA Corp. Subpoena. However, SCANA Corp. maintains its records in South Carolina; SCANA Corp.'s principal place of business is Cayce, South Carolina; and the services provided for SCANA Corp. by Plaintiff and Opt-In Plaintiffs while employed by Defendant took place at the VCS Nuclear Station in Jenkinsville, South Carolina. (Doc. 40 at 4). Importantly, the SCANA Corp. Subpoena itself established the place of compliance at a location in Columbia, South Carolina—a location within 100 miles of both SCANA Corp.'s principal place of business and the VCS Nuclear Station. (Doc. 31-1).

Rule 45 requires that disputes related to non-party subpoenas be resolved locally to avoid imposing undue travel or expense burdens on non-parties who are challenging a subpoena. *Visionworks of Am., Inc.*, 2017 WL 1611915, at *1 (citing Fed. R. Civ. P. 45(d)(2)(B)(i)).[3] A plain reading of the Federal Rules of Civil Procedure indicates that this Court, although the "issuing court," is not the "compliance court" for purposes of the SCANA Corp. Subpoena and thus does not have jurisdiction to rule on Plaintiff's Motion to Compel Third Party. *See* Fed. R. Civ. P. 45. Therefore, Plaintiff's Motion to Compel Third Party is **DENIED**. (Doc. 38).

---

[3] Rule 45 explicitly provides parties a method by which to transfer a subpoena-related motion, which Plaintiff did not utilize: "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

### 2. Standing for Protective Order

Turning to Defendant's Protective Order, the Court must first address whether, and to what extent, Defendant has standing to challenge the SCANA Corp Subpoena. Plaintiff argues that Defendant does not have standing to quash the subpoena served on SCANA Corp. under Federal Rule of Civil Procedure 45. (Doc. 35 at 3). Importantly, Defendant did not ask the Court to quash the subpoena, but instead requested a protective order pursuant to Federal Rule of Civil Procedure 26(c). As both parties concede, a party has standing to move for a protective order pursuant to Rule 26(c) even if the party does not have standing pursuant to Rule 45(d). *Garcia v. Prof'l Contract Servs., Inc.*, No. A-15-CV-585-LY, 2017 WL 187577, at *1 (W.D. Tex. Jan. 17, 2017). Thus Plaintiff's standing argument under Rule 45 is largely irrelevant. *Id*.

A motion for a protective order may be made by any party and such party may seek a Rule 26(c) protective order "if it believes its own interest is jeopardized by discovery sought from a third person." *See* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2035 (3d ed.). The SCANA Corp. Subpoena makes 25 Requests for Production seeking documents relating to the business relationship between Defendant, Defendant's employees, and SCANA Corp. during the "relevant time." (Doc. 31-1). Defendant asserts, and Plaintiff does not challenge, that it has a compelling interest in the documents requested as they "relate directly" to Defendant and its employees. (Doc. 32 at 4). The Court finds Defendant has standing to move for a protective order pursuant to Rule 26(c).

### 3. Good Cause for Protective Order

Defendant, as the moving party, bears the burden of establishing good cause for the requested protective order through "a particular and specific demonstration of fact." *In re Terra Int'l*, 134 F.3d at 306. Defendant argues the requests for production served on SCANA Corp. exceed the scope of permissible discovery and were issued for the purpose of annoying or harassing Defendant. (Doc. 32).

### a. General Scope Arguments

Defendant begins its argument for a protective order with blanket assertions of irrelevancy and disproportionality. (Doc. 32 at 3-5). Defendant casts its largest net by asserting "any information involving or relating to SCANA Corp. is outside the scope of [Plaintiff's] claims." *Id.* at 5. Such general and conclusory objections fail to establish good cause and a specific need for protection exists, as is required to obtain a protective order from such discovery. *See Anzures v. Prologis Tex. I LLC*, 300 F.R.D. 316, 318 (W.D. Tex. 2012). By Defendant's own admission, SCANA Corp. is the parent company of South Carolina Electric & Gas. Co. ("SCEG"), the operator of the VCS Nuclear Station on which Plaintiff and Opt-In Plaintiffs worked as Defendant's employees during the relevant time. (Doc. 32 at 5).

In a more tailored argument, Defendant argues the requests are overly broad as they are directed to the parent company, SCANA Corp., instead of the subsidiary, SCEG. (Doc. 32 at 5). However, courts have regularly permitted discovery of information from one corporation based on its relationship with, and ability to obtain documents from, another corporate entity. *In re Fischman Dynamic 3d Geosolutions, LLC v. Schlumberger Ltd.*, No. A-14-CV-967 LY, 2014 WL 12586371, at *2 (W.D. Tex. Nov. 7, 2014).

Finally, Defendant asserts the requests are disproportional to the needs of the case because they reach beyond work specific to the VCS Nuclear Station. (Doc. 32 at 6). However, the SCANA Corp. Subpoena requests documents pertaining to the relationship between Defendant, Defendant's employees, and SCANA Corp. during the relevant time and thereby limits production to the relevant projects. (Doc. 31-1). Thus, the Court finds Defendant's arguments do not establish a specific need for protection. *See Laundry*, 901 F.2d at 435.

### b. Specific Objections

Defendant next asserts three "specific objections" to individual requests and groupings of requests. (Doc. 32 at 6). First, Defendant challenges Requests for Production 2 and 10 through 25 as overly broad due to a lack of a temporal limit. *Id*. Defendant also takes issue with those Requests which are specifically limited to the "relevant time," defined by Plaintiff as "the period beginning May 5, 2014, and continuing through the present." (Doc. 31-1 at 5).

Plaintiff's Complaint alleges Defendant "knew, or showed a reckless disregard for whether, its pay practices violated the FLSA." (Doc. 1 at 4). In the case of a willful violation of the FLSA, the statute of limitations extends to three years. *See Ramos v. Al-Bataineh*, 599 F. App'x 548, 551 (5th Cir. 2015). In an FLSA collective action, the statute of limitations for a named plaintiff runs from the date the plaintiff files the complaint, while the limitations period for an opt-in plaintiff runs from the opt-in date. *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916–17 (5th Cir. 2008). In the instant case, Plaintiff filed his Complaint in May of 2017 and the Court certified the class in December of 2017. (Docs. 1, 45). Thus, at the very least, responsive documents dating back through December of 2014 are relevant. The Court finds Defendant, whose objection singularly focused on the named-Plaintiff's employment and ignored the Opt-In

Plaintiff's limitation period, did not establish good cause for the Court to modify Plaintiff's defined "relevant time."

Requests 2 and 10 through 25, which Defendant challenges for their lack of temporal limitations, do not specify that the responsive documents should be from the "relevant time." (Doc. 31-1). However, Plaintiff's Response to Defendant's Motion for Protective Order expresses its intent to limit the scope of the subpoena in its entirety to the "relevant time" of May 5, 2014 to present. (Doc. 35 at 7). Thus, insofar as the requests have not been explicitly limited to the defined "relevant time," the Court **GRANTS** Defendant's protective order and modifies the requests for production such that all are limited to the period of May 5, 2014 to present.

Next, Defendant challenges Plaintiff's Request for Production 21 arguing SCANA Corp. does not have access to the requested information and Defendant has already produced the responsive documents. (Doc. 32). But Request 21 does not ask Defendant to reproduce any information, nor does the Request require SCANA Corp. to produce responsive documents if it does not have access to the information or documents to produce. Thus, these assertions do not amount to the requisite good cause for the issuance of an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26.

Finally, Defendant objects to Plaintiff's Requests for Production 43, 52 through 54, and 70 as unreasonably cumulative or duplicative of similar requests for production served on Defendant. (Doc. 32 at 6). Once again, the SCANA Corp. Subpoena does not require Defendant to reproduce the requested documents or burden Defendant in any way. Defendant points to *Richardson v. BBB Group, Inc.*, where the United States District Court for the Northern District of Texas quashed the subpoena served on the plaintiff's current employer after finding the plaintiff already produced the documents requested. No. 3:14-CV-1014-M, 2014 WL 1724761,

at *1 (N.D. Tex. Apr. 30, 2014). Significantly, the defendant in *Richardson* was plaintiff's former employer and the suit arose out of that employment. *Id*. The court first found that the defendant's insistence on obtaining discovery from plaintiff's current employer, and thereby disclosing a dispute with a past employer, may have a direct negative effect on plaintiff's current employment and was harassing. *Id.* As a result, the court held defendant was not entitled to subpoena plaintiff's current employer where a less intrusive method of discovery was available. *Id*. The finding that the plaintiff had already responded to similar requests, and thus provided a less intrusive method to obtain the requested documents, was ancillary to the court's declaration that the discovery requests constituted harassment. *Id*. The holding in *Richardson* actually supports the contention that Defendant's argument of duplication—without more—does not amount to good cause for a protective order.[4]

### c. Harassment Argument

Defendant asserts in his final argument that the subpoena was issued for the purpose of annoying and harassing Defendant. (Doc. 32 at 8). Specifically, Defendant argues the subpoena was an attempt to interfere with its customer relationships.[5] *Id*. Defendant supports its argument by first pointing to another alleged incident of interference by Plaintiff involving notice of this suit being posted at Defendant's job sites. *Id*. This argument fails to demonstrate good cause and a specific need for protection from the discovery request at issue—the SCANA Corp. Subpoena. *See Laundry*, 901 F.2d at 435.

---

[4] Additionally, in the instant case Plaintiff contests whether Defendant has produced the requisite responsive documents. *See Plaintiff's Motion to Compel Further Responses to His First Set of Interrogatories and Requests for Production to Saulsbury Industries* (Doc. 33).

[5] Defendant also asserts the requested discovery is premature due to, at that time, a pending certification. Since the Court has since certified the class, Defendant's assertion that the SCANA Corp. subpoena is premature is rendered moot.

Next, Defendant specifically challenges the SCANA Corp. Subpoena as containing insinuations and implications of Defendant's alleged FLSA violations. (Doc. 32 at 8). Defendant has filed no case law in support of this contention and only briefly asserts that the language in Request 2 and 25 implicates Defendant violated the law by failing to pay its employees overtime. *Id*. However, Defendant did not challenge Request 1 which asks for Documents containing information regarding "the Lawsuit" and points SCANA Corp. to the attached copy of Plaintiff's publicly-filed Complaint—which explicitly outlines the Plaintiff's contentions. (Doc. 31-1). Additionally, SCANA Corp., Defendant's customer and recipient of these requests, is well aware of the lawsuit and has even filed a responsive motion with this Court. (Doc. 40). In this context, the Court finds Defendant has not established a need for a Rule 26 limitation due to the language of Plaintiff's Requests for Production.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion to Compel Third Party is **DENIED**. (Doc. 38). Given the circumstances surrounding the discovery at issue, the Court finds an award of expenses under Federal Rule of Civil Procedure 37(c)(5)(B) would be unjust.

**IT IS FURTHER ORDERED** that, Pursuant to Federal Rule of Civil Procedure 26(c), all 25 Requests for Production served on SCANA Corp. in the SCANA Corp. Subpoena shall be **LIMITED** to the "relevant time period" beginning May 5, 2014 and continuing through the present. Otherwise, Defendant's remaining objections to the SCANA Corp. Subpoena are

**OVERRULED**. Accordingly, Defendant's Motion for Protective Order is **GRANTED IN PART** and **DENIED IN PART**. (Doc. 32).

It is so **ORDERED.**

**SIGNED this 13th day of February, 2018.**

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE