UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **MICHAEL KILMON, individually and** § | |
| **on behalf of all others similarly situated;** § | |
| *Plaintiffs*, § | |
| § | |
| **v.** § | MO:17-CV-00099-DC |
| § | |
| **SAULSBURY INDUSTRIES, INC.,** § | |
| *Defendant*. § | |

### ORDER RULING ON PENDING MOTIONS AND AMENDING SCHEDULING ORDER

On July 13, 2018, the Court held a Status Conference in the above-referenced matter. After reviewing the parties' filings and hearing arguments, the Court made the following rulings:

1. The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Emergency Motion for Protective Order and Entry of a Representative Discovery Plan. (Doc. 63). Specifically, the Court **ORDERS**:

   a. Defendant may conduct depositions of up to ten (10) opt-in plaintiffs;

   b. Defendant may serve written discovery requests on up to twenty (20) additional opt-in plaintiffs; and

   c. Plaintiff Kilmon must supplement his previous, individual discovery responses.

   As a result of the above-granted discovery, Defendant's Motion to Compel Opt-In Discovery is **MOOT**. (Doc. 90).

2. The Court **GRANTS** the parties' Joint Motion for Entry of Confidentiality and Protective Order. (Doc. 73).

3. After lengthy discussion with the parties, the Court enters the following Amended Scheduling Order:

   a. The parties shall file all motions to amend or supplement pleadings or to join additional parties by **7/20/2018**.

   b. Parties resisting claims for relief shall designate their testifying experts and submit a written report of the expected testimony of each expert by **10/31/18**. All rebuttal

      experts shall be designated within fifteen (15) days of receipt of the report of the opposing expert.

   c. An objection to the reliability of an expert's proposed testimony under Federal Rules of Evidence 702, shall be made by motion specifically stating the basis for the objection and identifying the objectionable testimony within 21 days of receipt of the written report of the expert's proposed testimony, or within 21 days of the expert's deposition, if a deposition is taken, whichever is later.

   d. The parties shall complete all discovery on or before **11/21/18**. Counsel may, by agreement, continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

   e. All dispositive motions and any motions for decertification shall be filed no later than **12/14/18**. Dispositive motions as defined in Local Rule CV-7(d)(3) and responses to dispositive motions shall be limited to 20 pages in length.

   f. Responses to any dispositive motions or motion for decertification shall be filed no later than **1/10/19**.

   g. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed by **1/15/19**.

   h. The Final Pretrial Conference for this case is set for **4/4/19** at 1:30 P.M. The parties shall file their pretrial submissions in accordance with the provisions set out in Local Rule CV-16(e). Pretrial submissions shall also be provided in a USB Flash Drive. At the Final Pretrial Conference, the Court shall hold a Motions Hearing on the parties' dispositive motions.

   i. This case is set for jury selection/trial on **5/6/19** at 9:00 a.m.

4. In light of the Amended Scheduling Order, the Court **MOOTS** the following pending motions: Defendant's Motion to Modify the Scheduling Order, or in the Alternative, to Extend Defendant's Deadline to Designate Testifying Experts; Plaintiff's Motion for Leave to File Plaintiff's Motion for Summary Judgment; Plaintiff's Amended Motion to Expedite Motion for Leave to File Plaintiff's Motion for Summary Judgment; Plaintiff's Motion for Leave to File Motion for Summary Judgment as to Defendant's Affirmative Defenses of Good Faith, Offset, Laches, and Failure to Mitigate; and Defendant's Motion to Amend/Correct Scheduling Order. (Docs. 75, 85, 87, 89, 97).

5. Finally, the Court had insufficient time during the Status Conference to dispose of the remaining pending document: Defendant's Motion for Protective Order and Sanctions Regarding Plaintiffs' Counsel's Communications with Proposed Class. (Doc. 70). At the hearing, Plaintiff argued the Defendant's Motion is moot and Defendant's counsel informed the Court she intended to confer with her client as to whether or not they still wish to pursue

that motion. (Doc. 100 at 45-47). Accordingly, the Court **ORDERS** Defendant to advise the Court as to the status of its Motion for Protective Order and Sanctions within seven (7) days of the issuance of this order. (Doc. 70).

    It is so **ORDERED.**

    SIGNED this 16th day of July, 2018.

                                            _____
                                            DAVID COUNTS
                                            UNITED STATES DISTRICT JUDGE