IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **MICHAEL KILMON** | § § | |
| **V.** | § § | **NO. 7:17-CV-00099** |
| **SAULSBURY INDUSTRIES, INC.** | § § | |

**UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT AND ENTRY OF FINAL JUDGMENT DISMISSING LAWSUIT WITH PREJUDICE**

Plaintiff Michael Kilmon, on behalf of himself and on behalf of the individuals who have filed consents to join this lawsuit as Plaintiffs (collectively, the "Plaintiffs") files this unopposed Motion.

**A.    Procedural Background**

On June 5, 2017, Plaintiff Michael Kilmon brought this putative collective action on behalf of himself and all other current and former Saulsbury employees who were paid straight time for overtime at any point during the relevant time period seeking allegedly unpaid overtime compensation in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., as amended ("FLSA"). Defendant has denied, and continues to deny, Plaintiffs' claims and asserts that all Plaintiffs were properly classified and paid as exempt employees, are not owed additional compensation, and further that this case is not proper for collective treatment.

On December 13, 2017, the Court granted the Plaintiff's Motion for Conditional Certification. A total of 60 individuals, including Named Plaintiff Kilmon, joined this case.

The settlement at issue resolves the claims of the Named Plaintiff Kilmon, James Bryer, and all individuals who have filed consents to join the case (collectively, the "Plaintiffs"). Plaintiffs and Defendant are collectively referred to herein as the "Parties."

1

The Parties have agreed to settle the claims in this lawsuit and have entered into a confidential written settlement agreement (the "Settlement"), which has been signed by Plaintiffs Michael Kilmon and James Bryer (as the Named Plaintiffs and on behalf of the individuals identified in Exhibit A to the Settlement who have filed consents to join this action), and Defendant.  *See* Exhibit 1, an unredacted copy of the Confidential Settlement and Release Agreement, which is filed under seal.  To reach a resolution, the Parties engaged in arms-length negotiation, aided by an able mediator.  All Parties are, and have at all times been, represented by the undersigned counsel.

### B.     The Parties Jointly Request the Court's Approval of Their Settlement.

The Parties request that the Court enter an order approving their Settlement.[1] The Fifth Circuit has recognized the res judicata effect of a court-approved settlement of FLSA claims, where "a bona fide dispute of both law and fact was involved in the litigation, and [] the proposed settlement agreed upon was fair and equitable to all parties concerned." *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1974).

#### 1.     A Bona Fide Dispute Exists Between the Parties.

The Parties dispute whether Plaintiffs were properly classified as exempt rather than hourly, non-exempt employees.  The Parties also dispute whether Plaintiffs were owed time-and-a-half overtime or if Defendant properly paid Plaintiffs additional compensation in the form of straight-time overtime under the FLSA.  The Parties further dispute the amount of overtime pay, if any, to which each Plaintiff would be entitled if liability were established. These liability and damages issues have been the subject of discovery and factual development, as well as settlement negotiations.  In addition, the Parties dispute whether Plaintiffs are similarly situated and whether this lawsuit can proceed as a

---

[1] The Fifth Circuit has held that a private agreement to compromise and settle FLSA claims is enforceable, where there is a bona fide dispute over the number of hours worked or the amount of unpaid overtime due. *See Martin v. Spring Break '83 Prods., L.L.C.,* 688 F.3d 247, 255 (5th Cir. 2012). This case presents such a bona fide dispute. While Court approval is therefore not required for the Settlement to be enforceable, the Parties nonetheless request approval for the avoidance of any doubt.

2

certified collective action. Finally, the Parties dispute whether Defendant acted in good faith in classifying and treating Plaintiffs as exempt employees, which finding would eliminate Plaintiffs' recovery of liquidated damages, and whether Defendant willfully violated the FLSA, without which finding any recovery would be limited to two rather than three years.

Accordingly, a bona fide dispute exists between the Parties. *Shaw v. CAS, Inc.*, No. 5:17-CV-142, 2018 WL 3621050, at *1 (S.D. Tex. Jan. 31, 2018) ("An actual dispute over the amount of overtime compensation due to an employee is sufficient to create a bona fide dispute."), citing *Martinez v. Bohls Bearing Equip. Co.*, 361 F.Supp.2d 608, 631 (W.D. Tex. 2005) ("parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due"), *Dyson v. Stuart Petroleum Testers, Inc.*, 2016 WL 815355, at *2 (W.D. Tex. Feb. 29, 2016) (finding bona fide dispute where independent contractors alleged misclassification and Defendant maintained that it properly classified the workers and any erroneous classification was in good faith and not willful).

### 2. To Avoid the Risks and Expenses Associated with Continued Proceedings, The Parties Have Reached a Fair and Equitable Resolution.

The Parties agree that the terms of the Settlement are fair and equitable. The total amount of the Settlement takes into account the job and classification of each Plaintiff, the number of alleged overtime hours each Plaintiff worked, and the amount of alleged unpaid overtime each Plaintiff alleges he or she is entitled. The Settlement allocates an individual amount to each Plaintiff based on their hours and pay rate and allocates an amount for Plaintiffs' attorneys' fees and costs. Named Plaintiff Kilmon and Plaintiffs' counsel agree upon the individual amount allocated to each Plaintiff, an incentive payment designated for representative Kilmon, and the portion of the total settlement payment allocated for attorneys' fees and expenses; they represent that the allocations are fair and equitable. Defendant has agreed not to contest the attorneys' fees and expenses allocation.

In agreeing to the Settlement, the Parties recognize and acknowledge the risk, expense, and length of the continued proceedings necessary to prosecute the case through trial and appeals. Plaintiffs have taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and inherent problems of proof in establishing, and Defendant's defenses to, their asserted claims and damages, which would require the resolution of disputed facts. Defendant similarly concludes that further conduct of the case would be time-consuming and expensive and has taken into account the uncertainty and risks inherent in this and any litigation. Plaintiffs and Defendant have determined that it is desirable and beneficial that all Plaintiffs' claims be fully and finally settled in the manner and upon the terms and conditions set forth in the Settlement.

Because the Settlement agreed to by the Parties is a fair and equitable compromise of a bona fide dispute, Defendant and Plaintiffs request that the Court approve the Settlement.

**C.    The Parties Jointly Request the Dismissal of All Claims With Prejudice and Entry of Final Judgment**

The Parties jointly request the Court's entry of an Order approving the Settlement and entering a final order dismissing with prejudice the Lawsuit, including all claims, with each side to bear his or its own costs, fees and expenses. A proposed Order and Final Judgment, in the form requested by the Parties, is attached.

Respectfully submitted,

**JOSEPHSON DUNLAP LAW FIRM**

11 Greenway Plaza, Suite 3050
Houston, TX 77046
Phone: 713-352-1100
Fax: 713-352-3300


By:*/s/ Richard M. Schreiber*
Michael A. Josephson
State Bar No. 24014780
mjosephson@mybackwages.com
Richard M. Schreiber
State Bar No. 24056278
rschreiber@mybackwages.com
**JOSEPHSON DUNLAP, LLP**

And

Richard J. (Rex) Burch
Texas Bar No. 24001807
rburch@brucknerburch.com
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
**BRUCKNER BURCH, PLLC**

## CERTIFICATE OF CONFERENCE

I conferred with opposing counsel on the issues addressed in this Motion and opposing counsel is unopposed to the filing of the instant Motion.

/s/ Richard M. Schreiber
Richard M. Schreiber

## CERTIFICATE OF SERVICE

I certify that on this March 6, 2019, a true and correct copy of the foregoing document was filed through the Court's electronic case filing which will serve a copy of this document electronically on all counsel of record.

/s/ Richard M. Schreiber
Richard M. Schreiber